UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:                                              )
DENNY ALLEN AUSTIN and                              )
TAMMY LYNETTE AUSTIN,                               )   Case No.   10-17608-AJM-13
Debtors.                                            )

**CHAPTER 13 PLAN**
Original  \_\_      Amendment No.  \_\_1\_\_

### 1. GENERAL PROVISIONS:

**(a)   YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney.  If you oppose any provision of this plan, you must file a timely written objection.  This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court.  If you have a secured claim, this plan may modify your lien if you do not object to the plan.

**(b)   PROOFS OF CLAIM:** This plan does not allow claims.  You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan.  The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court.

**(c)   ADEQUATE PROTECTION PAYMENTS:** In accordance with General Order 05-0004, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted.  The Chapter 13 Trustee ("Trustee") shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the debtor.  All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee.  No adequate protection payments will be made by the debtor directly to the creditor.

**(d)   EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim.  The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

**(e)   PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as an amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

### 2. SUBMISSION OF INCOME:
Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

### 3. PAYMENT AND LENGTH OF PLAN:
The debtors shall pay $400.00 per month to the Chapter 13 Trustee, starting not later than 30 days after the order for relief, for approximately 40 months ($16,000.00); then beginning in month 41, the debtor's shall pay $700.00 per month for 20 months ($14,000.00) all for a total amount of $30,000.00.

Additional payments to Trustee:  __The Husband agrees to turn over ½ of net "corporate" bonuses received from Eli Lilly during the life of the plan starting with the next bonus received in March, 2011.  The bonus shall not decrease the plan base, but shall instead be paid for the benefit of the unsecured creditor pool. This bonus is typically received in March of each year. This does not include the "Apseptic Op" Bonus which is combined into a regular paycheck and typically much less than the "corporate bonus" which is paid separately from regular pay.

*Debtors shall turn over one-half of their federal income tax returns during the life of the plan no later than April 30 of the following calendar year, beginning with one-half of the 2010 federal income tax refund being turned over no later than April 30, 2011.  Debtors shall provide a copy of their federal income tax return to the Trustee no later than April 30 of each calendar year so that the Trustee may verify the amount of the federal income tax refunds.*

### 4. ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):

All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Tom Scott & Associates** | **Attorney Fees** | **$ 2,300.00** |
|  |  |  |

### 5. DOMESTIC SUPPORT OBLIGATIONS: The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
| **N/A** |  |  |  |
|  |  |  |  |

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE CONFIRMED AND FOR DEBTOR TO RECEIVE A DISCHARGE FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

### 6. SECURED CLAIMS RELATING SOLELY TO RESIDENTIAL REAL ESTATE- CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):  If there is a pre-petition arrearage claim on a mortgage secured by the debtor's residential real property, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee.  Initial post-petition payment arrears shall be paid with secured creditors.  If there are no arrears, the debtor may pay the secured creditor directly.

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment (to be adjusted based on claim and/or notice) |
|---|---|---|---|
| **CitiMortgage, Inc.** | **842 Quillen Court Avon, IN 46123** | **$0.00** | **N/A** |
|  |  |  |  |
|  |  |  |  |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

*<u>ALL NOTICES REFERENCED BELOW SHALL BE FILED WITH THE BANKRUPTCY COURT AND SERVED UPON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE:</u>*

**DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PAYMENT OR SERVICER CHANGE AND ANNUAL NOTICE:** All mortgage holders shall file with the Bankruptcy Court a Notice indicating any change in the mortgage payment. This Notice shall contain the old mortgage payment amount, the new mortgage payment amount and an explanation of the reason for the change. If the change is a result of an escrow analysis, the Notice shall include the escrow calculation showing the taxes and insurance paid for the prior year. **In cases where the Trustee is disbursing the post-petition mortgage installments, absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.**
Should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court a Notice setting forth the change and providing the name of the servicer, the payment address and a contact phone number. In addition, the mortgage holder shall perform an escrow analysis annually and annually file a Notice setting forth the amount of the mortgage payment regardless of whether or not a change has occurred in the prior year. All Notices shall be filed with the Bankruptcy Court and served upon the debtor, debtor's counsel and the Chapter 13 Trustee.

**DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PROTECTIVE ADVANCES AND/OR POST-PETITION FEES AND COSTS ASSESSED:** The mortgage holder shall timely file a Notice with the Court if the holder advances funds under the terms of the mortgage as a protective advance (e.g. forced-place insurance or property taxes due to non-payment). The mortgage holder shall file a Notice of all Post-Petition fees, costs of collection and all other contract charges assessed under the mortgage document, including attorney's fees.

**7. SECURED CLAIMS OTHER THAN CLAIMS RELATING TO RESIDENTIAL REAL ESTATE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (6) based upon the amount of the claim [(Para. 7(a), column (4)] or value offer [(Para. 7(b), column (4)] with interest at the rate stated in column (5).

(a) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| N/A | | | | | | |
| | | | | | | |
| | | | | | | |

Additional plan offer, if any, as relates to above claim(s): **Pursuant to §1326, Section 7(a) of this Chapter 13 Plan shall be clarified as follows: EMA payments to secured creditors to begin in month _____ of plan or after administrative claims are paid in full, whichever may come first.**

(b) **Secured Claims to Which 11 U.S.C. 506 Valuation is Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Value | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| **Teachers CU** | **2005 Chevrolet Malibu** | 07/2006 | $8,575.00 | 4.75% | $250.00 | $85.00 |
| **Wells Fargo Financial National Bank** | **Items purchased from Gutter Shutter** | **2009** | **$275.88** | **4.75%** | **$10.00** | **$2.76** |

Additional plan offer, if any, as relates to above claim(s): **Pursuant to §1326, Section 7(b) of this Chapter 13 Plan shall be clarified as follows: EMA payments to secured creditors to begin in month 36 of plan or after administrative claims are paid in full, whichever may come first.**

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate (if any) |
|---|---|---|---|
| **N/A** | | | |
| | | | |

(d) **Surrendered/Abandoned Collateral:** The debtor intends to surrender, and, upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| **Bluegreen Corporation** | **20,000 timeshare points purchased from Bluegreen** | **$28,000.00** |
| | | |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| **N/A** | | | |
| | | | |

## 9. NON-PRIORITY UNSECURED CLAIMS:
### (a) Separately Classified or Long-term Debts:

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| **N/A** | | | | |
| | | | | |

### (b) General Unsecured Claims:
__X__  Pro rata distribution from any remaining funds; or
___  Other: _____.

## 10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: All executory contracts and unexpired leases are **REJECTED**, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| **N/A** | | |
| | | |

## 11. AVOIDANCE OF LIENS: Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| **CitiMortgage, Inc.** | **2nd mortgage for r/e at 842 Quillen Court Avon, IN 46123** | **100% avoided (estimated at $26,840.00** |
| | | |

## 12. LIEN RETENTION: With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C.1328.

## 13. VESTING OF PROPERTY OF THE ESTATE: Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. PAYMENT NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

**15. MISCELLANEOUS PROVISIONS:**

\_\_\_\_\_   Payments shall be made by direct payment (**explain why no W/A**); or,

✓\_\_   Payments shall be made by Wage Assignment @ $200.00 semi-monthly from Mr. Austin's payroll with Eli Lilly.

*Mrs. Austin will report to counsel within 30 days of becoming employed so that the plan and schedules may be amended accordingly to offer all projected disposable income.*


*Debtor's Signature:*   /s/  Denny A. Austin\_\_\_

*Date: 2/22/11*


*Debtor's Signature:*   /s/  Tammy L. Austin\_\_\_

*Date: 2/22/11*


*Attorney's Signature:*   /s/  TOM SCOTT
Tom Scott & Associates, Attorneys for Debtor(s)
6100 N. Keystone Ave., Ste. 454
Indianapolis, IN  46220
Phone:  (317) 255-9915    Fax: (317) 257-5059
E-mail: bk@tomscottlaw.com

*Date: 2/22/11*